10541041910
00
Court of Appeals for the
 First District of Texas at Houston
 

 ORDER

Cause No. 01-11-00760-CV; In re Artis Charles Harrell
On Appeal from the 189[th] District Court of Harris County, Texas
Trial Court Cause No. 2006-02867

 On January 26, 2012, we issued an opinion in the above-referenced case, stating,

 We conditionally grant the petition for writ of mandamus in regard to the complaint concerning the trial setting, and we direct the trial court to consider and rule upon Harrell's motions seeking a trial setting and set the case for trial in order to proceed to judgment. See In re Martinez Ramirez, 994 S.W.2d at 684 (granting inmate mandamus relief and directing trial court to consider inmate's motion for default judgment and proceed to judgment in case). We grant this portion of Harrell's petition so that, whatever the trial court's ruling, the case can "begin again the orderly process to eventual trial and judgment." See Cooke, 854 S.W.2d at 135 - 36. The writ will issue only if the trial court fails to comply.

 On September 12, 2012, Relator, Artis Charles Harrell, has filed another petition for writ of mandamus, complaining among other things that, despite our January 26, 2012 opinion in this case, the trial court refused to act upon his request for a hearing and submission.

 The Court requests a response to relator's petition from real party in interest, Branch Brinson. Tex. R. App. P. 52.4. Any response, or, in the alternative, a letter indicating that Brinson desires to waive his right to respond, is due to be filed in this Court by October 5, 2012. Respondent, the Honorable William R. Burke, presiding Judge of the 189[th] District Court, is also invited to respond to Harrell's September 12, 2012 petition for writ of mandamus.

 It is so ORDERED.
 

Judges signature: /s/ Terry Jennings 
 Acting individually 

Do not publish. Tex. R. App. P. 47.2(b).

Date: 9-28-12 

Absent emergency or a statement that the motion is unopposed, must wait ten days before acting on motion except for motion to extend time to file a brief. See Tex. R. App. P. 10.3(a).
Note: Single justice may grant or deny any request for relief properly sought by motion, except in a civil case a single justice should not: (1) act on a petition for an extraordinary writ or (2) dismiss or otherwise determine an appeal or a motion for rehearing. Tex. R. App. P. 10.4(a).